C. F. TURNER COAL COMPANY *v.* COLLINS ET AL.

[No. 13,215. Filed July 19, 1928.]

*George W. Henley* and *Leroy Baker*, for appellant.
*Arthur McCart* and *Martin T. Moran*, for appellees.

THOMPSON, J.—Appellees filed an application with the Industrial Board for compensation for the death of Scott Collins, husband of appellee Margaret Collins, whose death was the result of an accident which occurred while he was helping one Thomas Davis deliver a load of tile with a truck which belonged to appellant. There was a finding and an award in favor of appellees.

Appellees endeavor to establish the liability of appellant by attempting to show that Davis, who was the driver of the truck and who employed Collins, was himself an agent of appellant with authority to employ help. This, however, they have failed to do. The nearest showing to an agency or employment between Davis and appellant is the existence of a verbal agreement between them whereby appellant was to furnish a truck which it was not using in its business at that time, also oil, gas, tires, etc; that Davis was to secure whatever jobs at custom hauling he could, furnish and pay his help, and the profits were to be divided between Davis and appellant. There is no evidence to show that Davis was an employee of appellant, or that appellant had anything to do with the fixing of the wages paid by Davis to his helpers or that appellant had any control over said helpers. The evidence does show that Davis went to appellant and asked for a job; that he was told by one of appellant's officials that they had no work for him, whereupon Davis suggested the above mentioned arrangement regarding Davis' use of the truck.

Witnesses were introduced by appellees who testified that Davis agreed to hire Collins, and that he thought he could get him thirty-five or forty cents an hour; that he would see Mr. Turner, who was the coal company official with whom Davis had made the arrangement about the truck, and that he would let Collins know; that Davis again talked to Collins the next day, and told him that he could get him only thirty-five cents an hour. This testimony was hearsay, however, and is not supplemented by any competent evidence; hence the contract made by Davis with Collins could not bind appellant.

There being no evidence to support the finding, the award is reversed.